**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **STEFANY M. ARAUJO BERMUDEZ** | ) | |
| | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. CIV-26-179-JD** |
| **v.** | ) | |
| | ) | |
| **FRED FIGUEROA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>ORDER TO SHOW CAUSE</u>

The Court is in receipt of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed on behalf of Petitioner in the above-referenced matter.  (Doc. 1).  However, the filing is deficient because it was signed and verified by "Scarlett Araujo (Next Friend)." (*Id*. at 9).  **For the reasons stated below, Ms. Araujo has not met her burden to establish that she may serve as "next friend" on behalf of Petitioner.**

An "application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  Individuals who "appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves" are considered "next friends."  *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).  "A 'next friend' does not h[er]self become a party to the habeas corpus action in which [s]he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest."  *Id.* at 163.  But "'next friend' standing is by no means granted

automatically to whomever seeks to pursue an action on behalf of another."  *Id.*  "[I]f there were no restriction on 'next friend' standing in federal courts, the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art. III simply by assuming the mantle of 'next friend.'"  *Id.* at 164.

Approval for "next friend" status requires that an individual meet two prerequisites. "First, a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on h[er] own behalf to prosecute the action."  *Id.* at 163; *see also Williams v. Boone*, 1999 WL 34856, at *5 (10th Cir. Jan. 28, 1999) ("A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition."). "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate . . . [and] must have some significant relationship with the real party in interest."  *Whitmore*, 495 U.S. at 163-64.  "The burden is on the 'next friend' clearly to establish the propriety of h[er] status and thereby justify the jurisdiction of the court."  *Id.* at 164.  Courts have routinely required "next friends" to provide evidentiary proof in support of their explanations in order to meet the prerequisites.  *See Aguilar v. Bragg*, 463 F. App'x 333, 334 (5th Cir. 2012) (affirming dismissal for lack of jurisdiction where an individual alleged a prisoner "could not prosecute the action on his own behalf due to mental incapacitation," but "did not submit a medical professional's opinion to support this claim"); *Fanciullo ex rel. Fanciullo v. Hillhouse*, 2023 WL 6388084, at *1 (E.D. Tex. June 30, 2023) (finding explanations as to why the real party in interest cannot appear on his own behalf "must be supported by relevant proof"), *adopted*,

2

2023 WL 6387367 (E.D. Tex. Sept. 29, 2023); *Atkins v. Unnamed Respondent(s)*, 2023 WL 11915617, at *2 (N.D. Ga. Apr. 12, 2023), ("Atkins's unsupported and conclusory assertions that Daddario is mentally deficient or disabled fall far short of the showing required by precedent."), *adopted*, 2023 WL 11915602 (N.D. Ga. May 5, 2023); *United States v. McFarland*, 2023 WL 1452052, at *2 (E.D. Ky. Feb. 1, 2023) ("Duerson has failed to meet his burden of establishing that he can proceed as McFarland's next friend. . . . [because] Duerson has not provided any concrete evidence to support his claim that McFarland's medical condition prevents her from filing her own § 2255 motion."), *cert. of appealability denied*, 2023 WL 6182604 (6th Cir. July 11, 2023), *cert. denied*, 144 S. Ct. 364 (2023).

Ms. Araujo states that she "sign[ed] this [P]etition on behalf of the Petitioner because she is currently held in ICE custody at Diamondback Correctional Facility, has limited access to legal materials and mail services and is unable to sign and file this [P]etition in a timely manner to protect her constitutional rights." (Doc. 1, at 9). Ms. Araujo recently filed another habeas petition as a purported next friend for a different petitioner, where she made a substantially identical claim. In that case, Chief Judge DeGiusti persuasively reasoned that "these allegations alone do not demonstrate that Petitioner is unable to litigate her own case due to a lack of access to the courts. Indeed, Petitioner's status as a detainee does not demonstrate that she was unable to file her petition justifying the need for a next friend to file one on her behalf." *Bermudez Salas v. Figueroa*, No. CIV-26-178-D, 2026 WL 315066, at *1 (W.D. Okla. Feb. 5, 2026). Moreover, Ms. Araujo "fails to provide any details regarding her relationship with Petitioner" and "has not

provided any evidence that Petitioner is aware of Ms. Araujo['s] purported status as her next friend." *Id.* at *2.  Finally, Chief Judge DeGiusti noted that "even if Ms. Araujo . . . were recognized as Petitioner's next friend, she could not represent Petitioner or sign filings on her behalf, and would have to employ counsel to do so." *Id.*

**IT IS HEREBY ORDERED that Petitioner or Ms. Araujo show cause as to why the Petition should not be dismissed for failure to establish next friend status. Explanations and evidentiary support should be provided, as described above.  If Ms. Araujo continues to seek next friend status, she also must either retain counsel or show cause as to why she may proceed *pro se* as next friend for Petitioner.**

**In the alternative, Petitioner may submit for filing an Amended Petition that she has personally signed and verified.**[1]

**Petitioner shall comply with this Order on or before March 4, 2026.  Failure to comply with this Order may result in the dismissal of this action**.  The Clerk of Court is directed to send both Petitioner and Ms. Araujo the necessary forms to comply with this order.[2]

IT IS SO ORDERED this 11th day of February, 2026.


_Amanda L. Maxfield_
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] If Petitioner signs and verifies her own Petition, she will be required to sign all other filings on her own behalf unless she retains an attorney to represent her.

[2] These forms, and this Order, should be mailed to Ms. Araujo at the address provided in the Petition (Doc. 1, at 9), and to Petitioner at the Diamondback Correctional Facility.