# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| STEFANY M. ARAUJO BERMUDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-00179-JD |
| | ) | |
| FRED FIGUEROA, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

Before the Court is the Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Amanda L. Maxfield on March 11, 2026. [Doc. No. 10]. The R. & R. recommends that the Court dismiss Petitioner Stefany M. Araujo Bermudez's ("Bermudez") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] as moot. For the reasons set forth below, the Court ACCEPTS the R. & R.[1]

Bermudez, a Venezuelan citizen proceeding without counsel, was detained by U.S. Immigration and Customs Enforcement ("ICE") at the Diamondback Correctional Facility in Watonga, Oklahoma. The Petition, signed by Scarlett Araujo as purported next friend, challenges Bermudez's detention without an individualized bond hearing and her transfer from Texas to Oklahoma, asserting a violation of the Due Process Clause of the Fifth Amendment. [Doc. No. 1 at 2, 7, 9]. Bermudez requests immediate release from ICE custody or, alternatively, a bond hearing before an immigration judge. *Id.* at 8. Judge

---

[1] Citations to the parties' filings use ECF designations from the top of district court filings for both page numbers and exhibit numbers.

Maxfield found Ms. Araujo had not met her burden to establish next-friend status and ordered Bermudez or Ms. Araujo to show cause by March 4, 2026. [Doc. No. 6 at 4]. Neither responded.

The R. & R. notes that on February 3, 2026, an Immigration Judge granted Bermudez voluntary departure, and that Bermudez is no longer in ICE custody. R. & R. at 3. The R. & R. concludes that the Petition should be dismissed as moot. *Id.* at 5. The R. & R. advised the parties of their right to object by April 1, 2026, and warned that failure to timely object would waive appellate review of both factual and legal issues. *Id.* Bermudez did not file an objection or request an extension of time to do so.[2]

## I.    <u>LEGAL STANDARDS</u>

Courts employ a liberal construction to the legal sufficiency of pro se pleadings, "applying a less stringent standard than is applicable to pleadings filed by lawyers." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, the court will not "assume the role of advocate," *id.*, nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74.

---

[2] The R. & R. also notes that the Petition is subject to dismissal because Ms. Araujo failed to establish next-friend status and Bermudez did not personally sign and verify the Petition. R. & R. at 5 n.3.

When a magistrate judge issues a report and recommendation on a dispositive motion, the district judge "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "[A] party may serve and file specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the magistrate judge's report. Fed. R. Civ. P. 72(b)(2). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). That the district judge performs a "de novo determination" does not mandate additional or repeat evidentiary hearings. *United States v. Raddatz*, 447 U.S. 667, 674 (1980).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Under this rule, "the failure to make timely objection to the magistrate[] [judge's] findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the

3

interests of justice require review; these factors include "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

## II.   <u>DISCUSSION</u>

The docket indicates that the R. & R. was returned undeliverable. However, the Court's local rules provide that "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4. Moreover, "pro se litigants must follow the same rules of procedure that govern other litigants," *Shrader v. Biddinger*, 633 F.3d 1235, 1249 n.9 (10th Cir. 2011), and litigants "bear the burden of filing notice of a change of address . . . . [t]he fact that [the litigant] is acting pro se does not eliminate this burden," *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999).

Here, the R. & R. sufficiently informed Bermudez of both the time period for objecting and the consequences of failing to object. *See* R. & R. at 5. The interests of justice do not require review because the R. & R. was mailed to Bermudez at her last known address, and the Court has no evidence of Bermudez's effort to comply or an explanation for her failure to do so. Thus, the firm waiver rule applies, and Bermudez has waived her right to challenge the R. & R.

Nevertheless, de novo review of the Petition and the R. & R. would lead the Court to reach the same conclusion as the Magistrate Judge.

The Petition is moot. A case becomes moot when "an intervening circumstance deprives the [petitioner] of a personal stake in the outcome," *Genesis Healthcare Corp. v.*

4

*Symczyk*, 569 U.S. 66, 72 (2013) (citation modified), making it "impossible for a court to grant any effectual relief," *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified). An Immigration Judge granted Bermudez voluntary departure on February 3, 2026. R. & R. at 3. Bermudez is no longer in ICE custody. *Id.* Because the Petition challenges Bermudez's detention and seeks her release or a bond hearing, the voluntary departure order renders the requested relief moot. *See Bonilla v. Noem*, No. 25-cv-62395-BLOOM/Elfenbein, 2025 WL 3496193, at *3 (S.D. Fla. Dec. 5, 2025); *Banchon ex rel. Avila Duchi v. Francis*, No. 25-cv-8162 (JGK), 2026 WL 63717, at *1–2 (S.D.N.Y. Jan. 8, 2026). There is no relief the Court can grant.

## III.    CONCLUSION

For these reasons, the Court ACCEPTS the Report & Recommendation [Doc. No. 10] in its entirety and DISMISSES the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] as moot. Petitioner's Emergency Motion to Stay Transfer of Petitioner, [Doc. No. 2] is denied as moot. A separate judgment will follow.

IT IS SO ORDERED this 6th day of April 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE